UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VERGE HOMEOWNERS ASSOCIATION, a Washington Non-Profit Corporation,<br><br>                              Plaintiff,<br>v.<br><br>CHUBB CUSTOM INSURANCE COMPANY, a New Jersey Corporation; ADMIRAL INSURANCE COMPANY, a Delaware Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>                              Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Verge Homeowners Association  (the "Association") alleges as follows:

## I.    INTRODUCTION

1.1    This is an action for declaratory judgment, breach of contract, bad faith violations, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)    A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Defendants Chubb Custom Insurance Company ("Chubb Custom") and Admiral Insurance Company ("Admiral") insurance policies issued to the Association. The Association is seeking a ruling that: (1) Chubb Custom and Admiral's policies provide coverage for the hidden damage at the Verge Condominium; and (2) Chubb Custom and Admiral are liable for money damages for the cost of repairing the hidden damage at the Verge Condominium.

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

(B)    Damages for bad faith, breach of contract, and violations of the CPA against Chubb Custom and Admiral.

(C)    Attorneys' fees and costs (including expert witness fees) against Chubb Custom and Admiral.

(D)    Any other relief the Court deems just and equitable.

## II.    PARTIES AND INSURANCE CONTRACTS

2.1    The Association. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Verge Condominium. The Verge Condominium consists of a single building initially constructed in approximately 2004 containing fifty-one (51) residential units and two (2) commercial tenant spaces located at 3213 Harbor Avenue SW, Seattle, Washington. The building is a four-story wood-framed structure constructed on a concrete post-tensioned slab over an underground concrete garage. The exterior cladding consists of a combination of fiber cement lap siding, fiber cement panel siding, fiber cement shingle siding, metal panel siding, brick veneer, and white wood trim. The exterior cladding is installed over weather-resistive barrier ("WRB") and sheathing. On the east and west elevations, the second and third floor units have wood-framed unit decks with fiber cement soffit panels over exterior gypsum sheathing. The unit deck components consist of a fluid-applied deck coating over wood sheathing and framing.

2.2    Chubb Custom. Chubb Custom is domiciled in New Jersey with its principal place of business in Whitehouse Station, New Jersey. Chubb Custom sold and issued insurance policies to the Association including but not limited to Policy Nos. D4213856-001 (in effect from 11/25/2017 – 11/25/2018) and D4213856-002 (in effect from 11/25/2018 – 11/25/2019). The Chubb Custom policies identify the Verge Condominium as covered property.

2.3    Admiral. Admiral is domiciled in Delaware with its principal place of business in Scottsdale, Arizona. Admiral sold and issued insurance policies to the Association including but

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

not limited to Policy No. PR000012689-01 (in effect from 11/25/2016 – 11/25/2017). The Admiral policy identifies the Verge Condominium as covered property.

2.4    Doe Insurance Companies 1–10.    Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Verge Condominium as covered property.

2.5    Verge Insurers.   Chubb Custom, Admiral, and Doe Insurance Companies 1–10 shall be collectively referred to as the "Verge Insurers."

2.6    Verge Policies. The policies issued to the Association by the Verge Insurers shall be collectively referred to as the "Verge Policies."

### III.    JURISDICTION AND VENUE

3.1    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Verge Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV.    FACTS

4.1    Incorporation by Reference. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2    Tender to Chubb Custom and Admiral. On January 29, 2020, the Association tendered an insurance claim to Chubb Custom and Admiral for hidden damage recently discovered at the Verge Condominium. As part of its claim tender, the Association asked Chubb Custom and Admiral to investigate for any other hidden damage that may exist at the Verge Condominium. Chubb Custom retained EFI Global and JS Held to investigate the Verge Condominium. Admiral retained JRP Engineering, Inc. ("JRP") to investigate the Verge Condominium. Admiral entered into a tolling

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

agreement with the Association effective the date of tender. The Association also requested that Chubb Custom enter into a tolling agreement with the Association; however, Chubb Custom refused to enter into a tolling agreement with the Association.

4.3     Joint Intrusive Investigation. The Association, including its expert consultant, Amento Group ("Amento"), Chubb Custom (including EFI Global and JS Held), Admiral (including JRP), and the Association's other historical insurers and respective consultants conducted a joint intrusive investigation of the Verge Condominium between August 31, 2020 and September 4, 2020, which revealed system-wide hidden damage.

4.4     Amento's Findings. From the results of the joint intrusive investigation, the Association understands from Amento that there is extensive hidden damage to the sheathing and framing at the Verge Condominium as a result of wind-driven rain. This damage was concealed behind cladding and other envelope components. According to Amento, some new damage commenced during the Chubb Custom and Admiral policy periods. The Association's experts have opined that the cost to repair the hidden damage at the Verge Condominium is well over the jurisdictional limit of $75,000.

4.5     Chubb Custom's Denial of the Association's Claim. On December 24, 2020, Chubb Custom unreasonably denied the Association's insurance claim.

4.6     Admiral's Denial of the Association's Claim. On February 19, 2021, Admiral unreasonably denied the Association's insurance claim.

## V.     FIRST CLAIM AGAINST THE VERGE INSURERS: DECLARATORY RELIEF THAT THE VERGE POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.6, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     That the Verge Policies cover the hidden damage to exterior sheathing and framing at the Verge Condominium.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

(B)      No exclusions, conditions, or limitations bar coverage under the Verge Policies.

(C)      New damage commenced at the Verge Condominium during each year of the Verge Policies.

(D)      As a result, the Verge Policies cover the cost of investigating and repairing the hidden damage at the Verge Condominium.

## VI.    SECOND CLAIM: AGAINST CHUBB CUSTOM FOR BREACH OF CONTRACT

6.1    Incorporation by Reference.  The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2    Chubb Custom has contractual duties under the terms of its policies to pay the cost of investigating and repairing the covered damage to the Verge Condominium.

6.3    Chubb Custom breached its contractual duties by wrongfully denying coverage on December 24, 2020, and by failing to pay the cost of repairing the covered damage to the Verge Condominium.

6.4     As a direct and proximate result of Chubb Custom's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5    Additional Damages. As a direct and proximate result of Chubb Custom's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.    THIRD CLAIM: AGAINST ADMIRAL FOR BREACH OF CONTRACT

7.1    Incorporation by Reference.  The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2    Admiral has contractual duties under the terms of its policies to pay the cost of investigating and repairing the covered damage to the Verge Condominium.

7.3    Admiral breached its contractual duties by wrongfully denying coverage on February 19, 2021, and by failing to pay the cost of repairing the covered damage to the Verge Condominium.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

7.4     As a direct and proximate result of Admiral's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

7.5     <u>Additional Damages</u>. As a direct and proximate result of Admiral's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VIII.    FOURTH CLAIM: AGAINST CHUBB CUSTOM FOR INSURANCE BAD FAITH

8.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 7.5, above, as if fully set forth herein.

8.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

8.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

8.4     The Association requested that Chubb Custom enter into a tolling agreement on several occasions, beginning when the Association initially tendered its claim to Chubb Custom in January 2020. Chubb Custom refused to enter into a tolling agreement with the Association. In addition, despite the fact that the Association's claim was tendered in January 2020, Chubb Custom did not

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

issue its coverage determination until December 2020 (eleven months after the Association tendered its claim). Chubb Custom refused to toll with the Association and failed to adopt and implement reasonable standards for the prompt investigation of the Association's claim in an attempt to expire the contractual suit limitations provision in the Chubb Custom policies and foreclose the Association's rights to recover under the policies. As a result, the Association has been forced to initiate this lawsuit against Chubb Custom.

8.5    Chubb Custom had a duty to investigate, evaluate, and decide the Association's claim in good faith. Chubb Custom breached its duty by unreasonably investigating, evaluating, and/or denying the Association's claim by, among other things, failing: (1) to acknowledge that wind-driven rain was one of the causes of the hidden damage at the Verge Condominium; (2) to acknowledge that wind-driven rain is a covered cause of loss under its policies; (3) to acknowledge that there is coverage under its policies when damage results from a concurrent combination of rain and inadequate construction or wear and tear; (4) to acknowledge that there is coverage under its policies' resulting loss clause; and (5) to define terms in the Chubb Custom policies pursuant to the plain meaning of the terms. In addition, Chubb Custom breached its duty by failing to conduct a reasonably prompt investigation of the Association's claim. Furthermore, Chubb Custom's refusal to toll with the Association and attempt to expire the Association's rights under the policies put Chubb Custom's financial interests ahead of the Association's and to the Association's detriment.

8.6    A violation, if any, of one or more of the Washington claims handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Chubb Custom's conduct violated Washington claims handling standards:

- Which require Chubb Custom to acknowledge and act reasonably promptly upon communications with respect to claims arising under its insurance policies.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 7

- Which require Chubb Custom to adopt and implement reasonable standards for the prompt investigation of claims.
- Which prohibit misrepresentations regarding relevant facts or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Chubb Custom to fully disclose all pertinent coverages.
- Which require Chubb Custom to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.

8.7    Chubb Custom's actions and omissions, including, but not limited to, its refusal to enter into a tolling agreement with the Association and its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Chubb Custom's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

## IX.    FIFTH CLAIM: AGAINST ADMIRAL FOR INSURANCE BAD FAITH

9.1    Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 8.7, above, as if fully set forth herein.

9.2    As stated above, the business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

9.3    The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

9.4    Admiral had a duty to investigate, evaluate, and decide the Association's claim in good faith. Admiral breached its duty by unreasonably investigating, evaluating, and/or denying the Association's claim by, among other things, failing: (1) to acknowledge that wind-driven rain was one of the causes of the hidden damage at the Verge Condominium; (2) to acknowledge that wind-driven rain is a covered cause of loss under its policy; (3) to acknowledge that there is coverage under its policy when damage results from a concurrent combination of rain and inadequate construction or wear and tear; (4) to acknowledge that there is coverage under its policy's resulting loss clause; and (5) to define terms in the Admiral policy pursuant to the plain meaning of the terms. In addition, Admiral breached its duty by failing to conduct a reasonably prompt investigation of the Association's claim. Despite the fact that the Association's claim was tendered in January 2020, Admiral did not issue its coverage determination until February 2021 (thirteen months after the Association tendered its claim).

9.5    A violation, if any, of one or more of the Washington claims handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Admiral's conduct violated Washington claims handling standards:

- Which require Admiral to acknowledge and act reasonably promptly upon communications with respect to claims arising under its insurance policy.

- Which require Admiral to adopt and implement reasonable standards for the prompt investigation of claims.

- Which prohibit misrepresentations regarding relevant facts or coverage.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 9

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.

- Which require Admiral to fully disclose all pertinent coverages.

- Which require Admiral to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.

9.6    Admiral's actions and omissions, including, but not limited to, its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Admiral's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

## X.    SIXTH CLAIM: AGAINST CHUBB CUSTOM AND ADMIRAL FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

10.1    Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 9.6, above, as if fully set forth herein.

10.2    Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, the conduct of Chubb Custom and Admiral was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Chubb Custom and Admiral's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## XI.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

11.1    Declaratory Judgment Regarding Coverage. A declaratory judgment that the Verge Policies provide coverage as described herein.

11.2    Money Damages. For money damages in an amount to be proven at trial.

11.3    Attorneys' Fees and Costs of Suit. For reasonable attorneys' fees and costs (including expert fees) against Chubb Custom and Admiral. *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 10

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

11.4    <u>CPA Penalties</u>. For CPA penalties against Chubb Custom and Admiral of up to $25,000 per violation.

11.5    <u>Other Relief</u>. For such other and further relief as the Court deems just and equitable.

## XII.    DEMAND FOR JURY TRIAL

12.1    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dated the 26th day of February, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Daniel J. Stein*
/s/ *Jessica Burns*
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
Jessica R. Burns, WSBA #49852
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 11

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660