UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERGE HOMEOWNERS ASSOCIATION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHUBB CUSTOM INSURANCE COMPANY, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C21-0241JLR<br><br>ORDER TO SHOW CAUSE |

On February 26, 2021, Plaintiff Verge Homeowners Association ("the Association") filed its complaint in this insurance coverage dispute, naming as Defendants Chubb Custom Insurance Company ("Chubb"), Admiral Insurance Company ("Admiral") (together, "Defendants"), and Doe Insurance Companies 1-10.  (Compl. (Dkt. # 1).)  The Association alleged that Doe Insurance Companies 1-10 were "currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Verge Condominium as covered property."  (*Id.* ¶ 2.4.)  The

ORDER - 1

Association asserted that this court had diversity jurisdiction over the action under 28 U.S.C. § 1332 because the Association is a citizen of Washington, Chubb is a citizen of New Jersey, and Admiral is a citizen of Delaware.  (*Id.* ¶¶ 2.1-2.3, 3.1-3.2.)

On August 6, 2021, the parties filed a joint status report in which they stated that Defendants would pursue discovery "regarding the Association's other insurers and the investigations performed by other insurers regarding damage alleged by the Association." (JSR (Dkt. # 16) at 2, 4.)  On August 17, 2021, the court issued a scheduling order in which it set trial on June 20, 2023, and the deadline for joining additional parties on September 14, 2021.  (Sched. Order (Dkt. # 17) at 1.)  Neither Defendants nor the Association sought to join any additional parties before that deadline.  (*See generally* Dkt.)[1]

On December 28, 2021, the parties filed a stipulated motion to dismiss all claims against Admiral with prejudice and to dismiss Admiral from this action.  (12/28/21 Stip. (Dkt. # 19).)  The court granted the motion on December 29, 2021.  (12/29/21 Order (Dkt. # 20).)

On March 1, 2021, the Association and Chubb filed a stipulated motion to dismiss all claims against Chubb without prejudice and to dismiss Chubb from this action. (3/1/21 Stip. (Dkt. # 21).)  The parties noted that purpose of the stipulation was to dismiss "only" Chubb from the action.  (*Id.* at 1.)  The court granted the motion that same day. (3/1/21 Order (Dkt. # 22).)  As a result, the only remaining defendants in this action are

---

[1] Although the parties proposed a November 30, 2021 deadline to join additional parties (JSR at 2), they did not join any parties by that deadline, either (*see generally* Dkt.).

ORDER - 2

Doe Insurance Companies 1-10.  Neither Defendants nor the Association have identified any of the Doe Insurance Companies to the court or joined them in this action, even though the Association filed its complaint over one year ago and the deadline for joining parties expired nearly six months ago.  (*See* Compl. at 1; Sched. Order at 1.)

Due to the current posture of this case, the court is unable to determine whether it continues to have subject matter jurisdiction over this diversity action and whether any claims remain for determination.  Accordingly, the court ORDERS the Association to SHOW CAUSE within seven (7) days of the filing date of this order why this matter should not be dismissed either because all outstanding claims have been resolved or for lack of subject matter jurisdiction.

Dated this 1st day of March, 2022.

JAMES L. ROBART
United States District Judge