UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| VERGE HOMEOWNERS ASSOCIATION,<br><br>               Plaintiff,<br>    v.<br><br>CHUBB CUSTOM INSURANCE COMPANY, et al.,<br><br>               Defendants. | CASE NO. C21-0241JLR<br><br>ORDER DISMISSING CASE |

On March 1, 2022, the court issued an order for Plaintiff Verge Homeowners Association ("the Association") to show cause by no later than March 8, 2022, why this matter should not be dismissed either because all outstanding claims have been resolved or for lack of subject matter jurisdiction. (OSC (Dkt. # 23).) The Association has not responded to that order. (*See generally* Dkt.) For the reasons set forth below, the court DISMISSES this action without prejudice.

ORDER - 1

1          On February 26, 2021, the Association filed its complaint in this insurance
2   coverage dispute, naming as Defendants Chubb Custom Insurance Company ("Chubb"),
3   Admiral Insurance Company ("Admiral"), and Doe Insurance Companies 1-10.  (Compl.
4   (Dkt. # 1).)  The Association alleged that the Doe Insurance Companies were "currently
5   unidentified entities who, on information and belief, sold insurance policies to the
6   Association that identify the Verge Condominium as covered property."  (*Id.* ¶ 2.4.)  It
7   alleged only one claim that implicated the Doe Insurance Companies:  its first claim for
8   declaratory relief that its insurance policies provide coverage for the damage to the
9   property.  (*Id.* ¶¶ 5.1-5.2; *see also id.* ¶ 2.5 (defining "Verge Insurers" as including
10  Chubb, Admiral, and Doe Insurance Companies 1-10).)  The Association expressly
11  named either Chubb or Admiral in each of its remaining claims.  (*See id.* ¶¶ 6.1-10.2
12  (naming Chubb and Admiral in claims for breach of contract, insurance bad faith, and
13  violations of the Washington Consumer Protection Act).)
14         On August 17, 2021, the court issued a scheduling order in which it set the
15  deadline for joining additional parties on September 14, 2021.  (Sched. Order (Dkt. # 17)
16  at 1.)  No party sought to join additional parties in this case, either before the deadline or
17  after it.  (*See generally* Dkt.)
18         On December 28, 2021, the Association and Admiral filed a stipulated motion to
19  dismiss all claims against Admiral with prejudice.  (12/28/21 Stip. (Dkt. # 19).)  The
20  court granted the motion on December 29, 2021.  (12/29/21 Order (Dkt. # 20).)
21
22

ORDER - 2

1  On March 1, 2022, the Association and Chubb filed a stipulated motion to dismiss all claims against Chubb without prejudice. (3/1/22 Stip. (Dkt. # 21).) The court granted the motion that same day. (3/1/22 Order (Dkt. # 22).)

The only remaining defendants in this action are Doe Insurance Companies 1-10, and the only possible remaining claim is for a declaratory judgment that any insurance policies issued by the Doe Insurance Companies provide coverage for damage to the Association's property. (*See* Compl.) Although the Association filed its complaint over one year ago, no party has identified any of the Doe Insurance Companies to the court, joined them in this action, or served them. (*See generally* Dkt.) Because it was unclear whether any claims remain in this case for adjudication after the dismissal of Chubb and Admiral, the court issued its March 1, 2022 order to show cause why this case should not now be dismissed. (*See* OSC.) The Association has not responded to the court's order. (*See generally* Dkt.) Accordingly, as it appears that there are no further claims remaining in this matter, the court now DISMISSES this action WITHOUT PREJUDICE.

Dated this 9th day of March, 2022.

*[signature]*

JAMES L. ROBART
United States District Judge